IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 18-cv-1194 |
| ) | |
| BUCKEYE PIPE LINE COMPANY, L.P. ) | |
| and WEST SHORE PIPE LINE COMPANY, ) | |
| ) | |
| Defendants. ) | |

# COMPLAINT

The United States of America, by the authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), files this Complaint and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for penalties under the Clean Water Act ("CWA"), 33 U.S.C. § 1251 *et seq.* against Buckeye Pipe Line Company, L.P. ("Buckeye") and West Shore Pipe Line Company ("West Shore") (collectively "Defendants") with respect to the discharge of oil that occurred on or about August 27, 2012, near Palos Park, Cook County, Illinois.

## JURISDICTION, AUTHORITY, AND VENUE

2. This Court has jurisdiction over the subject matter of the United States' claims in this action pursuant to 28 U.S.C. §§ 1331, 1345, and 1355, and Sections 309(b), 311(b)(7)(E) and 311(n) of the CWA, 33 U.S.C. §§ 1319(b), 1321(b)(7)(E), and 1321(n). The Court has personal jurisdiction over the Parties.

3. Authority to bring this action is vested in the United States Department of Justice by Section 506 of the CWA, 33 U.S.C. § 1366, and by 28 U.S.C. §§ 516 and 519.

4. Venue lies in this District pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1395(a), because the discharge of oil occurred in this judicial district and because Defendants conduct business in this judicial district. *See also* 33 U.S.C. § 1321(b)(7)(E).

5. Notice of commencement of this action is being given to the State of Illinois, pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b).

## DEFENDANTS

6. Defendant Buckeye is a limited partnership organized under the laws of the State of Delaware and conducts business in Illinois with its headquarters in Emmaus, Pennsylvania.

7. Defendant West Shore is a corporation organized under the laws of the State of Delaware with its headquarters in Lemont, Illinois.

## GENERAL ALLEGATIONS

8. Line 230 is a 12-inch petroleum product pipeline owned by West Shore and operated by Buckeye.

9. On August 27, 2012, a segment of Line 230 ruptured near the intersection of Illinois Highway 83 and South Highwood Drive near Palos Park, Cook County, Illinois.

10. Line 230 ruptured at a time when jet fuel was being actively pumped through the pipeline. The discharge of jet fuel from Line 230 flowed along an unpaved pipeline right-of-way and into a drainage ditch where it flowed into the Calumet-Saganashkee ("Cal-Sag") Channel.

11. The Cal-Sag Channel carries recreational boaters and commercial barge traffic between the Chicago Sanitary and Ship Canal and the Little Calumet River.

12. Approximately 705 barrels of jet fuel were discharged from Line 230 before the site of the leak was identified and the leak stopped.

13. Defendants are each a "person" within the meaning of Section 311(a)(7) of the CWA, 33 U.S.C. § 1321(a)(7).

14. West Shore's pipeline designated as Line No. 230 is an "onshore facility" within the meaning of CWA Section 311(a)(10), 33 U.S.C. § 1321(a)(10).

15. West Shore is the "owner" of Line No. 230 from which oil was discharged within the meaning of Section 311(a)(6) of the CWA, 33 U.S.C. § 1321(a)(6).

16. Buckeye is the "operator" of Line No. 230 from which oil was discharged within the meaning of Section 311(a)(6) of the CWA, 33 U.S.C. § 1321(a)(6).

17. The release of jet fuel from Line No. 230 near Palos Park, Illinois on or around August 27, 2012, constituted a "discharge" of oil within the meaning of Section 311(a)(2) of the CWA, 33 U.S.C. § 1321(a)(2).

## STATUTORY AND REGULATORY BACKGROUND

18. Section 311(b)(3) of the CWA, 33 U.S.C. § 1321(b)(3), prohibits the discharge of oil or hazardous substances into or upon the navigable waters of the United States or adjoining shorelines in such quantities that have been determined may be harmful to the public health or welfare or environment of the United States.

19. Pursuant to Section 311(b)(4) of the CWA, 33 U.S.C. § 1321(b)(4), EPA has determined by regulation that discharges of oil in such quantities as may be harmful to the public

health or welfare or environment of the United States include discharges of oil that "(a) Violate applicable water quality standards; or (b) Cause a film or sheen upon or discoloration of the surface of the water or adjoining shorelines, or cause a sludge or emulsion to be deposited beneath the surface of the water or upon adjoining shorelines." 40 C.F.R. § 110.3.

20. Pursuant to Section 311(b)(7)(A) of the CWA, 33 U.S.C. § 1321(b)(7)(A), "[a]ny person who is the owner, operator, or person in charge of any . . . onshore facility . . . from which oil . . . is discharged in violation of paragraph (3), shall be subject to a civil penalty . . . ."

21. Section 311(b)(7)(A) of the CWA, 33 U.S.C. § 1321(b)(7)(A), as modified by the Civil Monetary Penalty Inflation Adjustment Rules of 2008 and 2013, 73 Fed. Reg. 75,340 (Dec. 11, 2008) and 78 Fed. Reg. 66,643 (Nov. 6, 2013), and 40 C.F.R. § 19.4, provides that any person who is the owner, operator, or person in charge of an onshore facility from which oil is discharged in violation of Section 311(b)(3) of the CWA, shall be subject to a civil penalty of up to $1,100 per barrel discharged for discharges occurring between January 13, 2009 and December 6, 2013.

22. Section 301(a) of the CWA, 33 U.S.C. § 1311(a), prohibits "the discharge of any pollutant by any person" except in compliance with enumerated sections. The discharge of oil violates Section 301(a) of the CWA.

23. Section 309(b) of the CWA, 33 U.S.C. § 1319(b), is the enforcement provision for Section 301(a) and authorizes civil actions for "appropriate relief, including a permanent or temporary injunction."

24. Enforcement of these provisions supports the national objective to prevent and deter oil spills and "to restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a).

### FIRST CLAIM FOR RELIEF
(Civil Penalties under Section 311(b) of the CWA)

25. Paragraphs 1 through 24 are re-alleged and incorporated herein by reference.

26. The rupture of Line 230 that occurred on or about August 27, 2012, near Palos Park, Illinois resulted in a discharge of oil in a harmful quantity into the navigable waters and/or adjoining shorelines of the United States in violation of Section 311(b)(3) of the CWA, 33 U.S.C. § 1321(b)(3).

27. West Shore, as the owner of Line 230 at the time of this discharge, is liable for a civil penalty of up to $1,100 per barrel discharged, pursuant to Section 311(b)(7)(A) of the CWA, 33 U.S.C. § 1321(b)(7)(A), and 40 C.F.R. § 19.4.

28. Buckeye, as the operator of Line 230 at the time of this discharge, is liable for a civil penalty of up to $1,100 per barrel discharged, pursuant to Section 311(b)(7)(A) of the CWA, 33 U.S.C. § 1321(b)(7)(A), and 40 C.F.R. § 19.4.

### SECOND CLAIM FOR RELIEF
(Injunctive Relief under Section 309(b) of the CWA)

29. Paragraphs 1 through 24 are re-alleged and incorporated herein by reference.

30. The rupture of Line 230 that occurred on or about August 27, 2012, near Palos Park, Illinois resulted in the discharge of a pollutant in violation of Section 301(a) of the CWA, 33 U.S.C. § 1311(a).

31. Defendants are subject to injunctive relief pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b), to undertake appropriate action to prevent further discharges of oil from Line 230 into waters of the United States, so as to achieve compliance with the CWA.

PRAYER FOR RELIEF

WHEREFORE, the United States prays that this Court

A. Impose civil penalties under Section 311(b) of the Clean Water Act on Defendants Buckeye and West Shore in an amount up to $1,100 per barrel of oil discharged as alleged in this Complaint;

B. Issue an order pursuant to Section 309(b) of the Clean Water Act requiring the Defendants to take all appropriate action to prevent future discharge of pollutants from Line 230 into navigable waters of the United States; and

C. Grant such other and further relief that this Court deems just and proper.

Respectfully submitted,

FOR THE UNITED STATES OF AMERICA

KAREN DWORKIN
Deputy Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice


 /s/ Michael J. Zoeller
MICHAEL J. ZOELLER
Senior Counsel
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C.  20044-7611
(202) 305-1473
michael.zoeller@usdoj.gov

JOHN R. LAUSCH, JR.
United States Attorney

   /s/ Jonathan C. Haile (by consent)
By: JONATHAN C. HAILE
Assistant United States Attorney
Northern District of Illinois
219 South Dearborn Street, Fifth Floor
Chicago, IL 60604
(312) 886-2055
jonathan.haile@usdoj.gov

OF COUNSEL:
RICHARD CLARIZIO
Associate Regional Counsel
U.S. Environmental Protection
    Agency, Region 5
77 West Jackson Boulevard
Chicago, IL 60604-3590